FILED
00 MAR -8 PM 3:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR - 8 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOLTON, ALLEN & WILLIAMS CORPORATION, | } } } |
| Plaintiff, | } } CIVIL ACTION NO. |
| v. | } } 00-AR-0255-S } |
| INTERLINQ SOFTWARE CORPORATION, | } } } |
| Defendant. | |

**MEMORANDUM OPINION**

The court has before it a motion filed by defendant, Interlinq Software Corporation ("Interlinq"), seeking a dismissal of the motion or its transfer to the United States District Court for the Western District of Washington. Both Interlinq and plaintiff, Molton, Allen & Williams Corporation ("MAW"), have filed briefs and evidentiary materials, and the court has heard oral argument.

The court does not take too seriously Interlinq's motion to dismiss, but Interlinq does have a reason for asking that the case be transferred to the State of Washington, based on what this court said in *Skyline Steel Corp. v. RDI/Caeser's Riverboat Casino*, 44 F. Supp. 2d 1337 (ND Ala. 1999), and in *Stewart v. Dean-Michaels Corp.*, 716 F. Supp. 1400 (ND Ala. 1989). Unfortunately for the plaintiffs who respectively chose this forum in *Skyline Steel* and in *Dean-Michaels*, this court did not then have before it *Florida*

*Polk County v. Prison Health Services,* 170 F.3d 1081 (11th Cir. 1999), and *Snapper, Inc. v. Redan,* 171 F.3d 1249 (11th Cir. 1999). These two cases make clear that in the Eleventh Circuit a contractual submission to the jurisdiction of a particular court is not the functional equivalent of the contractual selection of an exclusive forum. The forum selection rule is the same in the Ninth Circuit as in the Eleventh Circuit. *See Northern California Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995).

Although under general forum *non conveniens* principles a legitimate argument can be made for the proposition that a court in the State of Washington as a better forum than this court for trying this particular dispute, the jurisdictional provision in the written agreement signed by MA&W is not only not dispositive of the forum selection issue but is not relevant. Interlinq is presenting to this court a choice only between a federal court in Alabama and a federal court in Washington. The only court to whose jurisdiction MA&W purported to submit, is a **state court** in Washington, and this court has no power to transfer this case to a state court in Washington. It is not being asked to do so.

This court was tempted to await a decision by the United States Court for the Western District of Washington on the motion pending in that court to transfer the mirror-image case from that court to this one, but this court has decided not to play Gaston-

2

Alphonse, even though its separate order denying Interlinq's motion to transfer may set up a race to judgment in competing forums.

DONE this __8th__ day of March, 2000.

                                              */s/ William M. Acker, Jr.*
                                              WILLIAM M. ACKER, JR.
                                              UNITED STATES DISTRICT JUDGE